UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

STEPHEN BUYER,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PROTECTIVE ORDER**

22 Cr. 397 (RMB)

The Honorable Richard M. Berman, District Judge:

    On the motion of the United States of America, by Damian Williams, United States Attorney, through his counsel, Jordan Estes, Kiersten A. Fletcher, and Elizabeth Hanft, Assistant United States Attorneys (the "Government"), pursuant to Federal Rule of Criminal Procedure 16(d), with the consent of the defendant, Stephen Buyer, through his defense counsel, and for good cause shown, the Court hereby finds and orders as follows:

    1. **Protected Information.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."  Certain of the Government's disclosure material, referred to here as "Protected Information," may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.  Disclosure material

produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" or "Protected Information" by the Government in communications with defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Protected Information."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Protected Information disclosed to the defendant or to his counsel in this case during the course of proceedings in this action, which includes materials affecting the privacy, confidentiality, and business interests of individuals and entities:

    a. Shall be used by the defendant and his counsel only for purposes of defending this criminal action, except that the defendant may use Protected Information in *S.E.C. v. Buyer*, et al., Civil Action No. 22 Civ. 6279 (LJL), provided that such use is consistent with the provisions of this Order as set forth below;

    b. Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 2(c) below; and

    c. May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

        i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by defense counsel;

        ii. expert witnesses, investigators, advisors, consultants and vendors retained or consulted by defendant and/or his counsel in connection with this action or in *S.E.C. v. Buyer, et al.*;

      iii. prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case and in *S.E.C. v. Buyer, et al.*; and

      iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon defendant's motion.

   3. Protected Information disclosed to the defendant or his counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of either the conclusion of any litigation related to the above-captioned case, including direct appeal and interlocutory appeal, or dismissal of the charges against the defendant, or, if later than the conclusion of this matter, the conclusion of *S.E.C. v. Buyer, et al.* and any appeal therein.

   4. The defendant or his counsel shall provide a copy of this Order to each Designated Person to whom materials subject to the protections of this Order are disclosed pursuant to paragraph 2 above. Designated Persons shall be subject to this Order, and may not disclose Protected Information to any third party.

   5. The defendant, defense counsel, and Designated Persons shall not disclose Protected Information to members of the media, nor shall they post any Protected Information on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the defendant, defense counsel, and Designated Persons have access.

   6. The provisions of this Order shall not be construed as preventing the disclosure of any Protected Information in any motion, hearing or trial held in this action or in *S.E.C. v. Buyer,*

*et al.*, or to any district or magistrate judge of this Court for purposes of this action, or in *S.E.C. v. Buyer, et al.*

7. The Government may at any time during the pendency of this proceeding designate materials, including documents, objects and information, including electronically stored information, constituting Protected Information as "Highly Confidential," when, in the good faith determination of the Government, disclosure of such materials is prohibited by statute or regulation or otherwise is not in the public interest. The defendant and defense counsel will not attach any materials designated Highly Confidential pursuant to this Order to any public filings with the Court or publicly disclose, other than at trial, any such materials, or their contents in any other manner, without either giving prior notice to the Government or seeking an Order of the Court permitting the use of the materials.

8. Defense counsel may challenge at any time the Government's designation of materials as Protected Information or Highly Confidential. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Protected Information or Highly Confidential subject to the provisions of this Order, such documents, materials and information shall be considered Protected Information or, if so designated pursuant to paragraph 7, Highly Confidential, pending further Order of this Court. Nothing in this Order modifies or alters the Government's burden to show good cause under Fed. R. Crim. P. 16(d) in any such dispute. By consenting to this Order, the defendants and defense counsel do not concede that any material is Protected Information or Highly Confidential.

9. The terms of this Order shall not apply to materials, including documents, objects, data, or information received by the defendant or defense counsel from a source other than the Government. To the extent that the Government's discovery contains materials and information

that are also publicly available, not as the result of any violation of this Order, nothing in this Order shall restrict the use of such publicly available materials.

10. Nothing in this Order shall preclude defense counsel at any time from entering into an agreement with the Government, and/or seeking an order from this Court, excluding certain specified discovery materials from the scope of this Order.

Dated:  New York, New York
        August 8, 2022

_____
THE HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

**Consent to Entry of Protective Order**

I, Stephen Buyer, have read and reviewed the proposed Protective Order in the case of *United States v. Buyer*, 22 Cr. 397 (RMB), I understand it, and I consent to the entry of the Order.

                                              */s/ Stephen Buyer*
                                              Stephen Buyer

I, Daniel Alonso, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Buyer*, 22 Cr. 397 (RMB), I understand it, I have conferred with my client, Stephen Buyer, about it, and I consent to the entry of the Order on behalf of my client, Stephen Buyer.

                                              */s/ Daniel Alonso*
                                              Daniel Alonso, Esq.
                                              Attorney for Stephen Buyer