# BUCKLEY

**Daniel R. Alonso**
Partner
1133 Avenue of the Americas
Suite 3100
New York, NY 10036
T (212) 600-2340
dalonso@buckleyfirm.com

October 14, 2022

VIA ECF ONLY

**MEMO ENDORSED**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    United States v. Buyer, 22 Cr. 397 (RMB)

Dear Judge Berman:

    We represent Stephen Buyer in the above matter. On October 12, 2022, we requested leave to exceed the page limits set by this Court's individual practices for memoranda of law in support of pretrial motions. *See* Individual Practices of Hon. Richard M. Berman, § 2.C. Without opposition from the government, we requested up to 50 pages for the defendant's memorandum of law and the government's opposition, and up to 20 pages for the defendant's reply memorandum. *See* ECF No. 23. Yesterday, the Court asked for further explanation of the request. *See* ECF No. 24. We now respectfully submit this letter to further elaborate on the reason for our request.

    This securities fraud prosecution of a former member of Congress from Indiana is highly complex factually, involving discovery materials that we believe to be in excess of *three million pages*. These materials have yielded grounds to make several weighty motions, and if we proceed with one consolidated set of papers, the issues simply cannot adequately be addressed in 25 pages. The defense plans to file one omnibus motion and one memorandum of law, rather than multiple separate motions and memoranda of law, for the sake of efficiency for the Court and the parties. In our experience, multiple motions and memoranda of law would in any event produce one consolidated response from the government. As such, we believe that one omnibus motion raising numerous issues makes more sense, and in this case some of the issues may be case dispositive.

    Most significantly, in reviewing the indictment, the 16 search warrants issued in this case,[1] and the voluminous amount of discovery received from the government, the defense uncovered grounds to allege violations of attorney-client privilege and work product protection in the execution of search warrants for electronic materials. As a result, we will be requesting a *Kastigar*-like hearing to determine the extent of the taint and to fashion an appropriate remedy, pursuant to *United States v.*

---

[1] 20 Mag. 8471 (S.D.N.Y. Aug. 11, 2020); 20 Mag. 8730 (S.D.N.Y. Aug. 17, 2020); 20 Mag. 13063 (S.D.N.Y. Dec. 8, 2020); 21 SW 21 (E.D. Va. Feb. 9, 2021); 21 SW 22 (E.D. Va. Feb. 9, 2021); 21 Mag. 9358 (S.D.N.Y. Sept. 28, 2021); 21 Mag. 918 (S.D. Ind. Oct. 1, 2021); 21 Mag. 919 (S.D. Ind. Oct. 1, 2021); 21 Mag. 920 (S.D. Ind. Oct. 1, 2021); 21 Mag. 922 (S.D. Ind. Oct. 1, 2021); 21 Mag. 923 (S.D. Ind. Oct. 1, 2021); 21 Mag. 924 (S.D. Ind. Oct. 1, 2021); 21 Mag. 3936 (S.D. Fla. Oct. 1, 2021); 22 Mag. 1748 (S.D.N.Y. Feb. 22, 2022); 22 Mag. 2514 (S.D.N.Y. Mar. 16, 2022); 22 Mag. 6711 (S.D.N.Y. Aug. 15, 2022).

The Honorable Richard M. Berman
October 14, 2022
Page 2

*Schwimmer*, 924 F.2d 443 (2d Cir. 1991). Because the government used the materials in subsequent warrants and in the indictment itself, the taint analysis through multiple warrants is complex and it will be crucial to make the Court fully aware of the facts and nuanced legal issues involved. This will be complicated further by a separate, but related motion pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978), based on a critical false statement and material omissions in several of the warrants.

The need for added space in which to make our arguments is compounded by additional and highly substantive motions that we plan to make. Among several others, these will include a Rule 41(g) motion for return of property, an additional suppression motion related to Mr. Buyer's electronic devices, and a discovery motion relating to *Brady* material. Each of these is specific to this particular case, and none involves a boilerplate or scattershot effort to file motions for their own sake. We would not waste the Court's time.

We understand the Court's desire to avoid prolix filings, but respectfully submit that we would be unable to file effective motion papers without the requested unopposed enlargement. We therefore respectfully reiterate our request for an additional 25 pages for our motion and the government's response, and an additional 10 pages for our reply. Thank you for your consideration.

Respectfully submitted,

/s/ *Daniel R. Alonso*
Daniel R. Alonso
Tel: (212) 600-2340
dalonso@buckleyfirm.com

cc:      All counsel (by ECF)



As a rule, shorter is often better than longer, and public is better than sealed. That being said, Court will enlarge briefs to 35 pp (double spaced + normal margins)* to cover all motions; and to 15 pp for unfulfilled reply. And, counsel may docket with redactions initially but that is no guaranty of continued sealing following Court reviews.

SO ORDERED: _____

Date: 10/18/22   Richard M. Berman

Richard M. Berman, U.S.D.J.

*"omnibus"