

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 28, 2022

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Stephen Buyer*, 22 Cr. 397 (RMB)

Dear Judge Berman:

    The Government respectfully submits this letter to request that the Court, in advance of the February 21, 2023 trial date, set a pre-trial disclosure schedule and enter an order, pursuant to Federal Rule of Criminal Procedure 16(b), directing the defendant to identify any exhibits he intends to introduce at trial, whether through cross-examination or during the defense case, on or before February 7, 2023.

    **A.  The Government's Proposed Schedule**

    The parties have conferred and agree on many, but not all, of the Government's proposed dates for pre-trial disclosures. The Government's proposed dates are listed below. To the extent there is disagreement with the defendant, the defendant's proposal is reflected in the corresponding footnote below.

    January 10, 2023:    The Government provides notice (consistent with the requirements of Federal Rule of Criminal Procedure 16 ("Rule 16")) to the defendant of evidence it may seek to offer pursuant to Federal Rule of Evidence 404(b).

Honorable Richard M. Berman
United States District Judge
December 28, 2022
Page 2

| | |
|---|---|
| January 17, 2023:[1] | The parties provide notice, consistent with Rule 16, of experts potentially to be called during their respective cases in chief. |
| January 17, 2023: | The defendant produces material covered by Rule 16(b)(1)(A). |
| January 24, 2023: | The Government provides to the defendant material covered by 18 U.S.C. § 3500 and *Giglio v. United States*, 405 U.S. 150 (1972), to the extent it was not previously produced to the defendant. |
| January 31, 2023: | The parties provide notice, consistent with Federal Rule of Criminal Procedure 16, of any rebuttal experts potentially to be called in response to the parties' expert disclosures. |
| January 31, 2023: | The Government provides the defendant a list of exhibits the Government reasonably expects to seek to introduce during its case-in-chief. This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defendant's lists of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief. |
| February 7, 2023: | The Government provides to the defendant a list of witnesses whom the Government reasonably expects to call in its case-in-chief. |
| February 7, 2023:[2] | The defendant provides to the Government a list of exhibits that the defendant reasonably expects to seek to introduce during trial for non-impeachment purposes. This exhibit list will be subject to good-faith revision as the defendant continues to prepare for his case. |
| | The defendant provides to the Government a list of witnesses whom the defendant reasonably expects to call in his case. |
| | The defendant provides to the Government material covered by Federal Rule of Criminal Procedure 26.2. |

**B. Discussion**

The schedule proposed by the Government is fair, will promote efficiency at trial, and does not prejudice the defendant, and therefore should be endorsed by the Court. By contrast, the

---

[1] The defendant proposes that expert notice be provided on January 10, 2023.
[2] The defendant proposes that his witness list and 26.2 material be turned over on February 17, 2023, and that his exhibits be turned over the day after opening statements.

Honorable Richard M. Berman
United States District Judge
December 28, 2022
Page 3

defendant's principal requests, to disclose no exhibits prior to trial and his witness list and 26.2 material the Friday before trial, are contrary to prevailing authority and the well-established practices in this district. In particular, the defendant's refusal to disclose defense exhibits before trial, if permitted, is likely to result in substantial mid-trial delays, hindering the shared interest of the parties, the jury, and the Court in the efficiency of trial. For that reason alone, the defendant should be required to make a good faith disclosure, pre-trial, of exhibits likely to be offered by the defense for reasons other than impeachment, regardless of whether offered through a Government or defense witness.

Rule 16 entitles the Government to reciprocal discovery. Rule 16(b) provides, in relevant part, that if a criminal defendant requests disclosure from the government under Rule 16(a)(1)(E), the defendant must also permit the government to inspect any document or record that the defendant "intends to use . . . in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A).

Consistent with Rule 16(b), courts in this District regularly require disclosure of defense exhibits in advance of trial, including over a defendant's objection. *See, e.g.*, *United States v. Melzer*, 20 Cr. 314 (GHW) (Dkt. No. 150, at 15-16) (ordering disclosure 11 days before trial over defendant's objection); *United States v. Middendorf*, 18 Cr. 36 (JPO) (Dkt. No. 140) (ordering disclosure two weeks before trial over defendant's objection); *United States v. Brennerman*, 17 Cr. 337 (RJS) (Dkt. No. 24) (ordering disclosure 18 days before trial); *United States v. Grant*, 16 Cr. 468 (GHW) (Dkt. No. 283) (ordering disclosure three weeks before trial); *United States v. Block*, 16 Cr. 595 (JPO) (Dkt. No. 21) (on consent, defense exhibits due ten days before trial); *United States v. Stewart*, 15 Cr. 287 (LTS) (Dkt. Entry at 1/29/2016) (ordering disclosure 18 days before trial); *United States v. Gillier*, 11 Cr. 409 (PAE) (Dkt. No. 75) (ordering disclosure approximately three weeks before trial on consent).

In ordering pre-trial disclosure of defense exhibits, courts have made clear that, while defendants may "delay the decision as to whether or not to testify until the end of the presentation of the Government's case, 'the trial strategy determination is not so protected.'" *United States v. Shea*, 20 Cr. 412 (AT) (Dkt. No. 206) (quoting *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853, 811 (2d Cir. 1978)). Accordingly, where "the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *Id.* (internal quotation marks omitted); *see also United States v. Rajaratnam*, No. S2 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction."). In addition, the production of defense exhibits promotes fairness and trial efficiencies. *See United States v. Melzer*, 20 Cr. 314 (GHW) (Dkt. No. 150, at 14) (noting that pretrial disclosure of defense exhibits "will aid in the efficient and orderly presentation of the government's and the defendant's respective cases at trial" and "allow the parties to raise any evidentiary issues with the Court in advance and, therefore, reduce the need for delay and disruption at trial and for the parties to brief and the Court to resolve any disputed issues"); *see also generally*

*United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce and explaining that permitting defendant to use documents the prosecution had not timely seen "would have given the defense an unfair advantage").

The disclosure deadline should apply to any exhibits the defense intends to introduce into evidence at trial—including on cross examination for non-impeachment purposes. "The term 'case-in-chief' has been interpreted to encompass 'all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a defendant.'" *United States v. Melzer*, 20 Cr. 314 (GHW) (Dkt. No. 150, at 13) (quoting *United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017)). "Nearly every court to consider the issue has concluded the same." *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (collecting cases). "[T]o permit defendants to evade pretrial disclosure simply by presenting much (or all) of their case-in-chief before the government rests would frustrate the practical intentions behind Rule 16: to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery." *Id.* (citing Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment). Therefore, "where a defendant cross-examines a government witness to 'buttress[] her theory of the case,' rather than to impeach the testimony given by the witness on direct examination, '[t]he cross-examination . . . is properly seen as part of the defendant's case-in-chief.'" *Napout*, 2017 WL 6375729, *7 (quoting *United States v. Hsai*, No. 98 Cr. 57 (PLF), 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000)).

Fairness and efficiency also warrant disclosure of defendant's Rule 26.2 material and witness list at an earlier date. For many of the same reasons the Government is voluntarily disclosing its 3500 material four weeks before trial, the defendant should disclose his witness list and 26.2 materials at least two weeks before trial, so that the Government has time to prepare cross-examination and move to exclude or limit testimony, as appropriate, without wasting jurors' or the Court's time. *See United States v. Middendorf*, 18 Cr. 36 (JPO) (Dkt. No. 140) (ordering disclosure one week before trial); *United States v. Brennerman*, 17 Cr. 337 (RJS) (Dkt. No. 24) (ordering disclosure of defense witness list 18 days before trial); *United States v. Gillier*, 11 Cr. 409 (PAE) (Dkt. No. 75) (ordering disclosure approximately three weeks before trial on consent).

Honorable Richard M. Berman
United States District Judge
December 28, 2022
Page 5

Finally, the Government respectfully submits that the Court should impose a deadline of January 17, 2023, rather than January 10, 2023, for the identification of experts to be called in the parties' respective cases-in-chief, to permit the parties sufficient time for the identification of suitable experts in light of the parties' ongoing preparations for trial.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   /s Jordan Estes
       Jordan Estes
       Kiersten A. Fletcher
       Margaret Graham
       Assistant United States Attorneys
       (212) 637-2543/2238/2923

cc:    Counsel for Stephen Buyer (by ECF)