UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

UNITED STATES OF AMERICA            :

     - v. –                              :

                                 22 Cr. 397 (RMB)

STEPHEN BUYER,                      :

             Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## **(AMENDED) JOINT PROPOSED**
## **<u>EXAMINATION OF PROSPECTIVE JURORS</u>**

BUCKLEY LLP

1133 Avenue of the Americas
New York, NY 10036

Daniel R. Alonso
Henry W. Asbill
Olivia Rauh
   *Counsel for Defendant Stephen Buyer*

DAMIAN WILLIAMS

United States Attorney for the
Southern District of New York

Jordan Estes
Kiersten A. Fletcher
Margaret Graham
Assistant United States Attorneys
   *-Of Counsel-*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA                    :

    - v. —                                      :

STEPHEN BUYER,                              :                    22 Cr. 397 (RMB)

               Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**JOINT PROPOSED**
**<u>EXAMINATION OF PROSPECTIVE JURORS</u>**

The parties respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. Where the parties disagree as to particular language, the Government's position is indicated in blue, and the defendant's position is indicated in green.  The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

**The defense respectfully suggests that the proposed questions will be crucial in arriving at a fair and impartial jury in a case where an Indiana Republican politician is being tried in New York City, a decidedly not Republican venue. To be sure, New Yorkers as a whole are a fair bunch, but for some, in this era of extreme political polarization, sitting in judgment of a Republican politician might not be the right case for them. Because it will be crucial to understand to which jurors this applies, we have crafted the proposed**

questions. **Although we understand and respect that the Court does not favor the use of questionnaires, we respectfully suggest that one could be crafted in short order and perhaps streamline this central effort.**

## REQUESTED EXAMINATION OF PROSPECTIVE JURORS

### Statement of the Case

1.      This is a criminal case against STEPHEN BUYER, the defendant.  Mr. BUYER has been charged with committing federal crimes in an indictment returned by a grand jury sitting in this District.  The Indictment is not evidence.  It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt.  You will hear a lot more about these charges in the coming days, but let me provide you with a brief summary of the allegations in this case in order to help determine whether there is anything about the case that may make it difficult or inappropriate for you to serve on the jury.

2.      **The charges in the Indictment involve allegations that the defendant, who acted as a paid consultant for two separate companies, engaged in insider trading.  The Indictment alleges that the defendant misappropriated material, non-public information he obtained during the course of his consulting work and used that information to place profitable stock trades.  The Government has accused Mr. Buyer of engaging in a scheme to defraud that involved the misappropriation of material, non-public information from two companies—T-Mobile and Guidehouse—as to whom the Government contends that Mr. Buyer had a confidential relationship of trust. The Government's charges include allegations that Mr. Buyer used the information to purchase stock in two other companies—Sprint and Navigant—and made a profit of more than $300,000 from selling**

2

**those stocks.  The Government contends that by doing so, Mr. Buyer violated federal laws that make it unlawful to commit securities fraud.**

3.      There are four separate charges, or "counts," contained in the Indictment.  Counts One and Two are based on allegations that the defendant, through his consulting work for the telecommunications company T-Mobile, misappropriated inside information from T-Mobile and used that information to buy securities in another telecommunications company, Sprint.  Counts Three and Four are based on allegations that the defendant, through his consulting work for the private company Guidehouse, misappropriated inside information from Guidehouse and used that information to buy securities in the company Navigant Consulting, Inc.  Mr. Buyer has pleaded not guilty and contends that the Government is wrong and that he did not make the stock trades in question on the basis of material, non-public information that he had obtained from his T-Mobile and Guidehouse.

4.      **Both parties in this case appreciate your answers to the questions we will ask to assure that there is no reason other than the evidence and the law that might influence your verdict. To determine that, we want you to know that there is no wrong answer as long as it is honest. To that end, I will be asking you about your ability to be fair and impartial. I will instruct you in greater detail on all your responsibilities, but for these purposes being fair and impartial means keeping an open mind throughout the entire case, listening to all the evidence, and not rendering a verdict until I have charged you at the end of the case and you have either concluded that the Government has failed to prove the accused's guilt beyond a reasonable doubt—in which case you must render a "not guilty" verdict as to the count you are considering, or that the Government has proven the**

3

accused's guilty beyond a reasonable doubt—in which case you should render a "guilty verdict" as to that count.

5.      Before I get into specific questions, if you have any bias one way or the other, it is very important that you let us know. It is human nature, and if you tell us about it, it will help everyone make very important decisions about whether this is the right case or not for you to serve on as a juror. For example, if you're a Mets fan or a Yankees fan, that is a bias that wouldn't ordinarily matter in a trial, unless there was a case between the Mets and the Yankees.

### Pre-Trial Publicity

6.      Have you heard or read anything about cases involving insider trading? If so, please explain.  Did you form any opinions about these kinds of cases? If so, please explain.[1]

7.      Does any juror have any personal knowledge of the charges in the Indictment as I have described them? Has any juror read or heard anything about this case, and if so, have you formed any opinions based on what you have heard or read about this case?  Is there anything such a juror has read or heard that would cause him or her to feel that he or she cannot consider this case fairly and impartially?

8.      This case has received some media attention. Is there any reason you could not completely avoid all media, social media, other sources that may cover it, or communicating with anyone else until the trial ends? If so, please explain.

---

[1] Defense justification: If someone has followed such cases in the news and it is of special interest to them, it could reveal a bias one way or the other. In addition, they may have read about this matter, so we need to know what they bring with them before hearing any of the evidence, as that may bias their opinion.

**Nature of the Case**

9.      Let me now ask you a few questions relating to the Government's regulation of the securities industry:

10.     Do any of you believe that the securities industry should not be regulated by the federal government?

11.     Do any of you believe that purchasing or selling securities based on Inside Information in violation of a legal duty, otherwise known as insider trading, should not be illegal?

12.     Do any of you feel that the laws against insider trading should not be enforced criminally by the federal government?

13.     Does the fact that the charges involve the securities industry or fraud alleged to have been committed in connection with the securities industry make it difficult for any of you to render a fair verdict?

14.     Do you follow the news about allegations of fraud, alleged insider trading, or alleged misconduct by individuals in the securities or finance industry?  If so, **please elaborate.** Will anything that you have read or seen affect your ability to be fair and impartial in this case?

**Knowledge of the Trial Participants**

15.     Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any of his relatives, friends or associates?

16.     To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

17.     The defendant is represented by Henry Asbill, Daniel Alonso, and Olivia Rauh of

the law firm Buckley LLP.  [*Please ask counsel to stand.*]  Do any of you know these attorneys?

Have you or your family members or close friends had any dealings either directly or indirectly

with either of these lawyers or the law firm Buckley?

18.     The Government is represented here, as in all cases where it is a party before this

Court, by the United States Attorney for the Southern District of New York, who, for purposes of

this matter, is Damian Williams.  The Government in this trial will be represented by Assistant

United States Attorneys Jordan Estes, Kiersten Fletcher, and Margaret Graham.  [*Please ask the*

*Government attorneys to stand.*]  Do any of you know Ms. Estes, Ms. Fletcher, or Ms. Graham?

Have you or your family members or close friends had any dealings either directly or indirectly

with them?  The Government attorneys will also be assisted in this case by Special Agent

Brandon Racz of the FBI, and Isabel Wolfson and Madeline Sonderby, paralegal specialists in the

United States Attorney's Office.  [*Please ask Special Agent Racz, Ms. Wolfson, and Ms. Sonderby*

*to stand.*]  Have you or your family members or close friends had any dealings either directly or

indirectly with Special Agent Racz*,* Ms. Wolfson, or Ms. Sonderby?

19.     Can you completely accept that you are not permitted to do any independent

research about individuals or participants in this case whatsoever, whether online or otherwise,

and cannot discuss it at any time during the trial with anyone in your personal or professional

life? If you have any questions or concerns about this, please raise your hand.

### Names and Places

20.     I will now read a list of names of individuals and businesses whose names may be

mentioned during the trial, or who may be witnesses in this case [*To be supplemented in advance*

*of trial*]:

6

Stephen Buyer
Joni Buyer
Ryan Buyer
Michael Copher
Anthony Russo
Marty Russo
Kathleen Ham
Adam Peterman
Bill Tauzin
Edward Eich
Shamir Patel
Manus Cooney
Malloy McDaniel
Justin Lilly
Norm Coleman
Calvin Johnson
Karen Hensel
John Sununu
John Kneuer
Alicia Harkness
Kim Cirka
Christopher Stansbury
Julie Howard
Bill Jones
Chris McNamee
Craig Warkol
Kelly Koscuiszka
Tom Carocci
Scott McIntyre
Steve Buyer Group
10 Square Solutions
T-Mobile
Sprint
Navigant Consulting
Huron Consulting
Guidehouse
PriceWaterhouseCoopers
Veritas Capital
Trump National Doral Golf Course
Charles Schwab

Are any of you familiar with any of these people?  As to the companies, I recognize that some of you may use T-Mobile or Sprint as your cellphone providers.  Have any of you had any professional or investment dealings with the companies I mentioned apart from being a customer of those companies?

### Questions Specific to the Case; Relationship with Government and Others

21.    Have any of you, or your family members or close friends, ever worked in the securities industry?

22.    Have you or anyone close to you ever been employed by any financial institution that traded securities?

23.    **The defendant in this case is a former United States Congressman and a member of the Republican party.  Have any of you, or your family members or close friends, ever worked as or for a member of Congress?  Do any of you have strong feelings about politics or members of any particular political party that would make it difficult for you to be fair and impartial in this case?  Do you have any strong feelings, negative or positive, about Republican politicians, Republicans in general, or politicians in general?  Please explain.[2]**

24.    **Do you have any strong feelings, negative or positive, about government affairs consultants?[3]**

---

[2] **Defense justification: It is centrally important that Mr. Buyer, a Republican former politician from the Midwest, be judged by a jury that can be fair to Republicans in a city where not all citizens can be. As importantly, Mr. Buyer is entitled to know about those who, although they might profess an ability to be fair an impartial, have personal opinions that indicate potential ill feelings towards Republicans.**
[3] **Defense justification: Mr. Buyer was a government affairs consultant and needs to know**

8

25.     **Is there any reason you believe you might tend to favor the Government in a case accusing a politician of wrongdoing?  If so, please explain.[4]**

26.     Have any of you, or your family members or close friends, ever worked for the United States Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), or other financial regulatory body?

27.     Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Department of Justice, including the U.S. Attorney's Office for the Southern District of New York or the FBI?

28.     Are you, or is any member of your family or a close friend, employed by any law enforcement agency, whether federal, state, or local?  Or, do you have an application for employment pending or has one been rejected?

29.     Have you, or any member of your family or a close friend, ever been employed by any law enforcement agency?

30.     Have you either through any experience you have had or anything you have seen or read or heard, developed any bias, prejudice or other feelings for or against the United States Department of Justice or the U.S. Attorney's Office?  For or against the FBI?  For or against the SEC?  For or against FINRA?  For or against any other law enforcement agency?  For or against members of Congress? This case involves alleged criminal insider trading.  This is not a civil proceeding.  Is there anything about this type of case – that is, a criminal insider trading case –

---

about jurors' view of his professional work experience, as it may be indicative of bias.
[4] Defense justification: Pro-government/anti-politician bias will be important to understand, as it will likely impact a juror's view of the defendant and the case – for reasons unrelated to the evidence in the case.

9

that would make you hesitate to sit on this jury?

31.     Have you, or has any member of your family or a close friend, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the SEC or FINRA?

32.     Have you or any member of your family or any close friend ever had any education or training, applied or worked for, or volunteered in, any area of criminal defense, such as a public defender office, a law office, or a private investigation firm?  If yes, please describe the training, job and the type of office and, if other than yourself, state the person's relationship to you.

33.     **Do you or a close family member receive or expect to receive a government pension?[5]**

34.     **Do you have any negative feelings about someone with an extensive military background? If so, please explain.[6]**

### Prior Experience with the Court System

35.     Are you, or any of your family members or close friends, attorneys or employees of a law firm?  Or employed in the legal department of any corporation or institution?  Explain.

---

**[5] Defense justification: Such jurors may have or perceive an allegiance to the government for self-benefitting reasons, rendering them biased against the defense.**
**[6] Defense justification: Mr. Buyer has an extensive military background, as to which some people harbor animus or bias, which would make a potential juror unfit to serve.**

36.     **Have you ever sat for a deposition or been a witness in a trial or other proceeding? If so, please explain.[7]**

37.     **Have you or anyone close ever been the victim of a fraud? If so, please explain.[8]**

38.     For the next series of questions, the terms "governmental agency" and "licensing authority" should be understood to include, among all other governmental agencies and licensing authorities, the SEC, FINRA, and the New York Stock Exchange.

39.     Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee, governmental agency, or licensing authority?

40.     Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency to your knowledge?

41.     Have you, or any of your relatives or close friends, ever been a witness or a complainant in any federal, state, or local prosecution to your knowledge?

42.     Are you, or any of your relatives or close friends, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

43.     Have you, or have any of your relatives, associates or close friends, ever been charged with a crime?  What crime?  [*As to any prospective juror who answers affirmatively, the*

---

**[7] Defense justification: Someone's litigation-related history is a routine question. It could easily impact their view of the justice system and this case, which is why courts routinely ask it.**
**[8] Defense justification: Such a person is likely to have pre-existing biases against someone charged with fraud or abuse of the law in a financial case.**

*Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the charges.*]

44.     Have you, or have any of your relatives, associates or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any legislative committee or other governmental agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the investigation.*]

45.     Have you, or any of your relatives or close friends, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

46.     Have you, or any of your relatives or close friends, had any experience with law enforcement that you think may affect your ability to render a fair verdict?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement agents.*]

## Prior Jury Service

47.     Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court?  If so, when and where did you serve?

48.     Have you ever served as a juror in any court?  If so, when, and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case?  **Without saying what it was, d**/Did the jury reach a verdict?  **Were you the foreperson?  How did you feel**

about the outcome?  Was there anything about your past jury experience that would make you hesitate about being a juror again?

### Law Enforcement Witnesses

49.     The Government witnesses in this case will include law enforcement officers – specifically, agents from the FBI.  Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?  Would any of you be less likely to believe a witness merely because he or she is member of a law enforcement agency?

50.     Does anyone have any personal feelings or experiences concerning law enforcement witnesses, or FBI agents in particular, that would in any way affect their ability to be fair and impartial in this case?

### Expert Witnesses

51.     You also may hear testimony from expert witnesses.  Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

### Investigative Techniques

52.     Does anyone have any expectations about the types of evidence that the Government will present in this criminal trial, or in a criminal trial more generally?

53.     Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

54.     Some of the evidence in this trial was obtained through searches conducted by law enforcement officers, pursuant to search warrants signed by judges.  I instruct you that these

13

**searches did not violate the law or the defendant's rights.  It is proper for this evidence to be introduced at trial for your consideration.**  Do any of you have any feelings or opinions about the use of evidence obtained in law enforcement searches that could affect your ability to be fair in this case?

## Other Witnesses

55.     You may hear testimony in this case from a witness who is testifying pursuant to a non-prosecution agreement with Government or a grant of immunity.  Do any of you have any experience with or feelings about the use of witnesses who are testifying under orders of immunity or agreements with the Government generally, or the use of evidence or information obtained from these types of witnesses? Would anything about that make it difficult for you to render a fair and impartial verdict?  Would you have any bias for or against the Government because of evidence obtained in this manner?

## Experience with Financial Industry

56.     **How well would you say that you understand financial information?**[9]

57.     **Have you ever invested in the stock market? If so, please explain.[10] Is there any reason you avoid investing in the stock market or do not trust it? If so, please explain.[11]**

---

[9] Defense justification: People uncomfortable preparing their own taxes may have an aversion to sophisticated financial/investing information and not be confident or able to appreciate that information, prejudicing them against individuals who do, such as the defendant, which could prevent them from serving fairly & impartially.
[10] Defense justification: It is important to understand if a person has strong opinions or experiences which are case related, especially since the government's position is that it is protecting the public's trust in investing.
[11] Defense justification: As the government claims it seeks to restore trust in the investing public, this is central to reveal biased jurors.

14

58.    **Have you ever lost a lot of money in an investment? If so, please explain what caused you to lose money.**[12]

59.    **Do you have any strong feelings or opinions about the financial industry, investment firms, or people involved in them?  If so, please explain.**[13]

60.    **Would you be at all uncomfortable listening to testimony about investments or have doubts about your ability to understand that type of information? If so, please explain.**[14]

61.    **Please raise your hand if you feel that there should be stricter government regulation of people and companies involved in investing. Explain why.**[15]

62.    **Have you ever signed a confidentiality agreement or "NDA"/non-disclosure agreement? If so, please explain.**[16]

## Other Questions

63.    Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

---

[12] **Defense justification: Someone with a negative investing experience may blame people like the defendant as harming the public's trust as alleged by the government – not due to the facts – but due to their misfortune in the market.**
[13] **Defense justification: It is central to understanding any specialized knowledge and/or case-related opinions which are basic to assessing if a juror can be fair and impartial.**
[14] **Defense justification: In order to reach a verdict based on the evidence and the law, one must be able to listen and understand these facts. Anyone who cannot or is uncomfortable doing so is not fit to serve.**
[15] **Defense justification: A prospective juror biased toward more government regulation of investing should be assessed for whether they can or cannot be fair and impartial to investors like Mr. Buyer.**
[16] **Defense justification: Confidentiality is at the core of deciding issues related to MNPI. Someone with related experience may have a bias against a defendant merely because he is accused of violating it. NDAs will also be part of the evidence in this case.**

64.     Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

65.     Do any of you have any difficulty in reading or understanding English in any degree?

66.     **Is English your first language? If not, what is?[17]**

67.     Do any of you have any religious, philosophical or other beliefs that would make you unable to **render a guilty verdict/stand in judgment of another person** for reasons unrelated to the law and the evidence?

68.     **Is there any reason, other than your civic duty, why you would especially want to serve as a juror in this case? If so, please explain.[18]**

69.     There may be evidence in this case that the defendant engaged in a secret extramarital affair.  Is there anything about the defendant's participation in an extramarital affair that would **automatically make you distrust him in this case?**  Would it make it difficult for you to be fair and impartial in this case?

70.     **Please raise your hand if you never use the internet or don't use it every day.[19]**

---

**[17] Defense justification: Full comprehension of the evidence presented and the law, including written documents, are key to a fair trial and juror decisions based on them – rather than the potential for misunderstanding due to insufficient language proficiency in English.**
**[18] Defense justification: Individuals who actively want to serve might have their own agenda, and individuals with agendas are not appropriate jurors.**
**[19] Defense justification: Some of the information gathered that is pertinent to investment decisions were gained from internet research. In addition, nowadays, someone who does not use the internet regularly may be unlikely to understand the world in which the defendant lives and obtains information legally, which could cause an unwarranted bias**

71.     **Do you post to a blog, Facebook, Instagram, Twitter, or similar social media? If so, what about and how often?[20]**

72.     **Which publicly known person do you *least* admire and why?[21]**

**<u>Function of the Court and Jury</u>**

73.     The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finders.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the Government has proven the defendant's guilt as charged in the Indictment.  Do any of you have any bias or prejudice or belief that might prevent you from accepting the instructions of law that I will give you in this case?

74.     Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty?

75.     Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not on each count,

---

**against the defense.**
**[20] Defense justification: If a potential juror has strong opinions or an agenda, and they routinely express that/are outspoken about it, the defendant needs to know if any pertain to case-related biases.**
**[21] Defense justification: This is a routine question that is likely to reveal negative beliefs, values and biases that may relate to either side of the case and should be known before the use of peremptory or for-cause challenges.**

and that only the evidence produced here in court may be used by you to answer the question of guilt on each count?

76.     It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Do any of you feel that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

## Other Biases

77.     In these questions, I have asked about possible reasons why you might not be able to sit as a fair and impartial juror in this case.  Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice – and according to the evidence presented and the law as it will be explained to you?

78.     Are you willing to accept that the Indictment is only an accusation and that the defendant is presumed innocent until and unless the Government proves him guilty beyond a reasonable doubt?  **Do you believe that if someone is charged with crimes in court, they must have done something wrong? Please explain.**

79.     **Raise your hand if you would have any difficulty completely accepting that an indictment is only an accusation, and that the defendant is presumed innocent for the**

**entirety of the trial, and that burden never shifts until and unless each juror is convinced of the defendant's guilt beyond a reasonable doubt.[22]**

80.    I will instruct you that as a matter of law, no defendant is required to testify on his own behalf and you may not consider it against the defendant in any way if he does not testify in this case.  Are you willing to accept this proposition and draw no adverse inference against the defendant if he chooses not to testify in this case?  **Would you nevertheless expect a defendant to testify on his own behalf?**

81.    **Can you think of anything about the nature of the charges against Mr. Buyer in this case that cause you not to be completely fair and impartial to both sides equally?**

82.    **Do you feel like Mr. Buyer might start off even a little bit behind before this case begins because he has been charged with crimes? If so, please explain.[23]**

<u>**Juror's Background**</u>

83.    The Parties respectfully request that the Court ask each juror to state the following information:

a.    the juror's age;

the area in which the juror resides, and any other areas in which the juror has resided during the last 10 years;

b.    **the juror's marital status, including whether the juror has ever been divorced, separated, or widowed;**

---

**[22] Defense justification: This routine question is designed to elicit the jurors' basic promise that they will hold the government to its burden of proof.**
**[23] Defense justification: Defendant is entitled to start off on even ground with the government. Anything else is an abuse of his rights and the law, so he is entitled to reveal such bias.**

     c.     **(if married, divorced, separate, widowed, etc.): the spouse's occupation;**

     d.     the members of the juror's household;

     e.     the juror's educational background, including the highest degree obtained and areas of major study;

     f.     the juror's occupation;

     g.     (if juror works in accounting, auditing, banking, compliance, or regulatory oversight): whether the juror has any special licenses;

     h.     the name and location of the juror's employer;

     i.     the same information concerning any other employment within the last 10 years;

     j.     the same information with respect to the juror's spouse/partner and any working children;

     k.     whether the juror has served in the military;

     l.     the names of any clubs or associations of which the juror is a member, **including any leadership positions**;

     m.     the names of any publications, print or online (including blogs), to which the juror subscribes and/or contributes;

     n.     what the juror's regular sources of news are, including which newspapers, and magazines, and television news shows the juror regularly reads;

     o.     which television programs the juror regularly watches; and

     p.     the juror's hobbies and leisure-time activities and organizations.

## **Final Questions**

84.    Is there any reason that serving on a jury for a trial expected to last about 3 weeks would be a serious financial or personal hardship for you? If "yes," please explain.

85.     Do you have any physical, psychological, or emotional condition that makes it difficult to sit for long periods of time, or take any medication, or that makes it difficult in terms of stamina, or to pay attention to detailed information, concentrate and remember it, or to be in close contact with other people and interact with them? If so, please explain and indicate if you prefer to discuss this in private.

86.     **Have you experienced any significant trauma in the past few years that still weighs heavily on your mind? If yes, please raise your hand and let us know if you prefer to discuss this privately.[24]**

87.     **Do you work at night or more than one job, if so please explain.[25]**

88.     **Do you rent or own your home?**

89.     **Have you ever had responsibility to hire, fire or supervise other people?  If yes, please explain.[26]**

---

**[24] Defense justification: Jurors who have experience recent trauma are unlikely to be able to give their full attention to the evidence and are more likely to identify with alleged victims against alleged wrongdoers, creating a bias against the defense.**
**[25] Defense justification: Someone who works at night and/or at more than one job may well have a financial hardship and/or be unable to concentrate/stay awake during trial and may miss important details that can diminish their ability to reach a verdict based on the facts and law.**
**[26] Defense justification: This is a routine, employment-related question, which indicates their sophistication in business, or the lack thereof, and can impact their decisions regarding what they believe is appropriate vs. inappropriate business interactions – apart from the facts and law in this case. For example, a supervisory level person or higher is likely to have business and/or client contact that could, in turn, impact their view of meetings on the golf course or elsewhere, any the nature of interactions between the defendant and others, which are core to the allegations and the defense.**

90.     **Has your financial situation gotten worse since the pandemic? If so, please explain in general terms the main reason.[27]**

91.     **Were you or someone close to you seriously affected by COVID-19 or have long COVID? If so, please explain.[28]**

92.     **Are you at high risk or do you have any concerns about getting COVID if you served on a jury at this time?[29]**

93.     **Would serving as a juror on a high-profile case *appeal* to you? If so, please explain.**

94.     **Do you have any concerns about your ability to express yourself or deal with peer pressure if you personally disagreed with others? If so, explain.[30]**

95.     **Can you accept that all jurors are entitled to express their views and vote according to their conscience? If not, explain.**

96.     **Are you 100% sure that you could be completely fair and impartial as a juror to both sides equally in this case? If not, please explain.[31]**

---

**[27] Defense justification: The mere fact that the defendant has at times had significant means can elicit hostility and bias, which would not yield a juror who is fair and impartial.**
**[28] Defense justification: Such an individual may experience a Covid-related "brain fog" and/or fatigue from long Covid, potentially impairing their cognitive function and ability to pay attention to, understand and recall vital information at trial. Further, if they or someone close was seriously affected, it could have caused trauma that likewise diminishes their ability to concentrate and decide intellectually rather than emotionally.**
**[29] Defense justification: Such a person could be uncomfortable and/or distracted serving on a jury at this time.**
**[30] Defense justification: The defendant has the right to know if a potential juror will have any limitation expressing themselves in a group setting.**
**[31] Defense justification: Routine question.**

97.     **Is there anything else that you were not asked, but that you think the judge or the parties should know? If so, please explain.**

### Requested Instruction Following Impaneling of the Jury

98.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

99.     If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

Dated: New York, New York
        January 17, 2023 **(Amended January 20, 2023)**

                                          Respectfully submitted,

BUCKLEY LLP                           DAMIAN WILLIAMS
1133 Avenue of the Americas           United States Attorney for the
New York, NY 10036                    Southern District of New York


By:   /s/ *Daniel R. Alonso*          By:   /s/ *Jordan Estes*
      Daniel R. Alonso                      Jordan Estes
      Henry W. Asbill                       Kiersten A. Fletcher
      Olivia Rauh                           Margaret Graham
      (212) 600-2340                        Assistant United States Attorneys
                                            (212) 637-2543/2238/2923

                            23