UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                   :
UNITED STATES OF AMERICA                                           :
                                                                   :
        - v. -                                                     :
                                                                   :   22 Cr. 397 (RMB)
STEPHEN BUYER,                                                     :
                                                                   :
                        Defendant.                                 :
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# GOVERNMENT'S MEMORANDUM OF LAW
# IN SUPPORT OF ITS MOTIONS *IN LIMINE*


                                        DAMIAN WILLIAMS
                                        United States Attorney
                                        Southern District of New York

Jordan Estes
Kiersten A. Fletcher
Margaret Graham
Assistant United States Attorneys
        *- Of Counsel -*

i

## **TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT .......................................................................................................................... 1

    I.      The Court Should Preclude So-Called "Good Acts" Evidence ........................................ 1

    II.     The Court Should Preclude the Defendant from Introducing His Own Out-of-Court Statements for Their Truth ................................................................................................. 4

          A.    Applicable Law ................................................................................................... 5
          B.    Discussion ........................................................................................................... 8

CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Danis v. Velez*,
  797 F.3d 192 (2d Cir. 2015) .................................................................................................. 5

*Shakur v. United States*,
  32 F. Supp. 2d 651 (S.D.N.Y. 1999) ...................................................................................... 2

*United States v. Al Kassar*,
  660 F.3d 108 (2d Cir. 2011) ................................................................................................... 3

*United States v. Annabi*,
  2012 WL 489111, No. S1 10 Cr. 7 (CM) (S.D.N.Y. Feb. 14, 2012) .......................................... 7

*United States v. Benedetto*,
  571 F.2d 1246 (2d Cir. 1978) ................................................................................................. 2

*United States v. Blake*,
  195 F. Supp. 3d 605 (S.D.N.Y. 2016) ..................................................................................... 6

*United States v. Cardascia*,
  951 F.2d 474 (2d Cir. 1991) ................................................................................................... 6

*United States v. Castro*,
  813 F.2d 571 (2d Cir. 1987) ................................................................................................... 7

*United States v. Chan*,
  2002 WL 109528, No. 97 Cr. 1053 (PKL) (S.D.N.Y. Jan. 25, 2002) ....................................... 2

*United States v. DiMaria*,
  727 F.2d 265 (2d Cir. 1984) ................................................................................................... 6

*United States v. Dinga*,
  609 F.3d 904 (7th Cir. 2010) .................................................................................................. 6

*United States v. Doyle*,
  130 F.3d 523 (2d Cir. 1997) ................................................................................................... 2

*United States v. Gonzalez*,
  399 F. App'x 641 (2d Cir. 2010) ............................................................................................. 7

*United States v. Gotti*,
  457 F. Supp. 2d 395 (S.D.N.Y. 2006) .................................................................................... 5

*United States v. Harper*,
 WL 140125, No. 05 Cr. 6068L (W.D.N.Y. Jan. 20, 2009).......................................................... 7

*United States v. Harwood*,
 998 F.2d 91 (2d Cir. 1993)............................................................................................................ 6

*United States v. Jackson*,
 180 F.3d 55 (2d Cir. 1999).......................................................................................................... 7

*United States v. Johnson*,
 507 F.3d 793 (2d Cir. 2007)........................................................................................................ 7

*United States v. Kadir*,
 718 F.3d 115 (2d Cir. 2013)........................................................................................................ 6

*United States v. Lange*,
 834 F.3d 58 (2d Cir. 2016).......................................................................................................... 8

*United States v. Marin*,
 669 F.2d 73 (2d Cir. 1982).......................................................................................................... 5

*United States v. Nazzaro*,
 889 F.2d 1158 (1st Cir. 1989)..................................................................................................... 3

*United States v. Nektalov*,
 2004 WL 1637010, No. 03 Cr. 828 (PKL) (S.D.N.Y. July 21, 2004)........................................ 2

*United States v. Netschi*,
 511 F. App'x 58 (2d Cir. 2013) .................................................................................................. 6

*United States v. O'Connor*,
 580 F.2d 38 (2d Cir. 1978).......................................................................................................... 2

*United States v. Odiase*,
 312 F. Supp. 3d 432 (S.D.N.Y. 2018)......................................................................................... 8

*United States v. Riley*,
 638 F. App'x 56 (2d Cir. 2016) .................................................................................................. 3

*United States v. Terry*,
 702 F.2d 299 (2d Cir. 1983)........................................................................................................ 7

*United States v. Washington*,
  106 F.3d 983 (D.C. Cir. 1997) ................................................................................... 3

**Rules**

Federal Rule of Evidence 404(a) ................................................................................. 2

Federal Rule of Evidence 405(a) ................................................................................. 2

Federal Rule of Evidence 404(b) ................................................................................. 2

Federal Rule of Evidence 405(b) ................................................................................. 2

Federal Rule of Evidence 106 ...................................................................................... 7

Federal Rule of Evidence 801(d)(2) ......................................................................... 4, 5

Federal Rule of Evidence 803(3) ................................................................................. 6

The Government submits this memorandum of law in support of its motions *in limine*. For the reasons set forth below, the Government seeks rulings in advance of trial to (1) preclude so-called "good acts" evidence; and (2) preclude the defendant from eliciting testimony on false exculpatory statements.

## FACTUAL BACKGROUND

The defendant, Stephen Buyer, misappropriated material non-public information ("MNPI") that he learned through his work as a consultant and used that MNPI to make timely and profitable trades. As part of a common scheme, he engaged in this conduct in 2018 and again in 2019, both times obtaining MNPI in connection with corporate mergers and using accounts in his own name and in the names of others to place the trades. Buyer also provided false and misleading information to representatives of one of the companies for which he consulted when the company began an inquiry into Buyer's trading. In short, Buyer misappropriated information with which he was entrusted as a consultant so that he could buy stocks with an unlawful advantage, reaping illicit gains, and then lied about it.

## ARGUMENT

**I.    The Court Should Preclude So-Called "Good Acts" Evidence**

Based on the defendant's proposals in the requests to charge and the discovery produced by the defendant, the Government understands that the defense may seek to call witnesses to testify about the defendant's good character. The Government has no objection to character witnesses generally, but the witnesses should not be permitted to testify about specific acts of the defendant's good character, such as awards and commendations the defendant received in the Army or the fact that an auditorium at the Citadel was named after him in 2005.

1

A defendant may introduce evidence of a pertinent character trait through generalized opinion or reputation testimony. *See* Fed. R. Evid. 405(a); *United States v. Nektalov*, No. 03 Cr. 828 (PKL), 2004 WL 1637010, at *1-3 (S.D.N.Y. July 21, 2004) (summarizing principles governing application of Rule 405(a)); *United States v. Chan*, No. 97 Cr. 1053 (PKL), 2002 WL 109528, at *1-2 (S.D.N.Y. Jan. 25, 2002) (same). But Federal Rule of Evidence 405(b) expressly precludes proof of a defendant's good character by specific acts where, as here, the defendant's character or trait of character is not an essential element of the crime charged.[1] *See, e.g.*, *United States v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978) (explaining that defense-proffered character evidence of defendant's specific acts in the past was improperly admitted because "character evidence has long been admissible only in the form of reputation and not in the form of a recitation of good or bad acts"); *Nektalov*, 2004 WL 1637010, at *2 (explaining that a defendant "may offer direct testimony about his good character, but must do so by testimony about his reputation and by opinion testimony, and not by testimony about specific instances of conduct"). The admission of evidence of a defendant's prior good conduct to establish his innocence is also impermissible under Federal Rule of Evidence 404(b) ("Rule 404(b)"), because such evidence "would in effect be an attempt to demonstrate [the defendant]'s good character by proof of specific good acts." *United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978); *see also United States v.*

---

[1] As the Advisory Committee Notes and applicable case law make plain, cases in which character is an essential element of the crime charged are rare: "Illustrations are: the chastity of the victim under a statute specifying her chastity as an element of the crime of seduction, or the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver." Advisory Committee Note to Fed. R. Evid. 404(a); *see, e.g.*, *United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997) (explaining that "the exception of Rule 405(b)" cannot be read to "swallow the general rule of 405(a) that proof of specific acts is not allowed"); *Shakur v. United States*, 32 F. Supp. 2d 651, 668-69 (S.D.N.Y. 1999) (discussing this rule).

*Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011) (upholding district court's decision to exclude evidence of prior good acts as inadmissible under Rule 404(b)).

Here, the defendant's character witnesses should not be permitted to testify about specific acts of good conduct, such as commendations the defendant received in the military or in Congress. The limitation on character evidence in the insider trading case *United States v. Riley*, 638 F. App'x 56 (2d Cir. 2016), is instructive in this regard. There, the district court permitted character witnesses to testify about the defendant's reputation for truthfulness, honesty, and secret keeping. *Id.* at 64. While they were permitted to testify generally about the defendant's work for the Central Intelligence Agency, there were not permitted to testify about specific instances of conduct related to his work. *Id.* The Second Circuit affirmed the district court's rulings in this regard, explaining that the district court's limitations "followed directly from the Rules of Evidence" and were also appropriate under a Rule 403 balancing analysis. *Id.*

With respect to awards specifically, in *United States v. Washington*, 106 F.3d 983 (D.C. Cir. 1997), the D.C. Circuit held that a defendant's law enforcement awards were specific instances of conduct that were inadmissible under Rule 404 and 405 because the defendant's "dedication, aggressiveness and assertiveness in investigating drug dealing and carjacking" was neither "pertinent" nor an "essential element" to "his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged." *Id*. at 999-1000.

Likewise in *United States v. Nazzaro,* 889 F.2d 1158 (1st Cir. 1989), the defendant, who was facing wire fraud and bribery charges, sought to introduce under Rule 404(a)(1) "anecdotal proof" of various commendations he received during his career as a police officer and member of the military. *Id*. at 1168. The First Circuit held the defendant's prior commendations were properly

excluded because "even assuming, without deciding, that these materials can be considered 'character evidence' at all, the traits which they purport to show - bravery, attention to duty, perhaps community spirit - were hardly 'pertinent' to the crimes of perjury and conspiracy to commit mail fraud of which the defendant stood accused." *Id*. (quotation marks and alterations omitted).

The same reasoning applies here. The defendant's character is not an element of the charged crimes, and the defendant's awards and commendations in the military and at the Citadel have no bearing on whether the defendant committed the insider trading schemes years after his military service. At the same time, offering evidence of awards and commendations and similar, irrelevant good acts would constitute a thinly veiled attempt to encourage acquittal based on improper emotional considerations—such as the weight of convicting someone, though guilty, who had received public adulation—and therefore is also barred under Rule 403. Accordingly, the evidence should be excluded.

## II. The Court Should Preclude the Defendant from Introducing His Own Out-of-Court Statements for Their Truth

At trial, the Government may seek to offer statements made by the defendant during (1) an interview by attorneys for Guidehouse on October 31, 2019, and (2) an interview conducted by agents of the Federal Bureau of Investigation ("FBI") on October 8, 2021. Specifically, the Government intends to introduce evidence at trial that the defendant lied to Guidehouse lawyers when he stated that he purchased Navigant stock because of a research report published by Zacks. The Government further intends to introduce evidence that the defendant provided a different explanation when later confronted by FBI agents. Such statements are admissible under Rule 801(d)(2) of the Federal Rules of Evidence.

4

The Government expects that the defendant may seek to introduce at trial certain other out-of-court statements made during his interviews with attorneys for Guidehouse and the FBI, including, but not limited to, the following false exculpatory statements: (1) that he lacked awareness of the Guidehouse/Navigant transaction prior to its public announcement; (2) that his involvement in Guidehouse's work was narrow; (3) that he was surprised and angry following the public announcement of the Guidehouse/Navigant transaction as a result of his recent stock purchases; (4) that Navigant was an attractive target for an acquisition based on its size and market demand for consulting independent of any Guidehouse transaction; (5) that he was a former prosecutor; and (6) that he did not recall the significance of his communications with a Guidehouse employee the day prior to the commencement of his Navigant trading (the "Defense False Exculpatory Statements"). This evidence, if offered by the defendant for the truth of the matters asserted therein, constitutes inadmissible hearsay and should be excluded at trial.

### A.     Applicable Law

A hearsay statement is an "out-of-court statement offered to prove the truth of the matter asserted." *Danis v. Velez*, 797 F.3d 192, 200 (2d Cir. 2015). However, a "party's own statement, if offered against him, is not hearsay." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982); Fed. R. Evid. 801(d)(2). Statements made by a defendant are generally admissible "regardless of whether such statements were against his interest when made." *United States v. Gotti*, 457 F. Supp. 2d 395, 397 (S.D.N.Y. 2006).

It is well-established that a defendant does not have a parallel ability to offer his own statement into evidence. "[W]hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *Marin*, 669 F.2d at 84; *see also*

*United States v. Kadir*, 718 F.3d 115, 124 (2d Cir. 2013) ("A defendant may not introduce his own prior out-of-court statements because they are hearsay, and . . . not admissible." (internal quotation marks omitted)). To the extent a defendant argues that his statements are admissible as a declaration of his then-existing state of mind under Rule 803(3) of the Federal Rules of Evidence, that hearsay exception applies only to statements that "face forward, rather than backward." *United States v. DiMaria*, 727 F.2d 265, 271 (2d Cir. 1984); *United States v. Blake*, 195 F. Supp. 3d 605, 610-11 (S.D.N.Y. 2016) (precluding a defendant from introducing her own out-of-court statements to law enforcement officers in which she pointed the finger at co-defendants as reflecting a then-existing state of mind because such statements reflected a "self-serving explanation of past events"); *United States v. Dinga*, 609 F.3d 904, 908-09 (7th Cir. 2010) (affirming the rejection of a defendant's attempt to introduce evidence of his offer to take a polygraph after his arrest).

"In addition, 'the reasons for the state of mind exception focus on the contemporaneity of the statement and the unlikelihood of deliberate or conscious misrepresentation.'" *United States v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993) (quoting *United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991)). "Thus, to fall within Rule 803(3)'s 'state of mind' hearsay exception, the statements sought to be introduced must relate to the declarant's state of mind *during* the [illegal conduct]" and not what the declarant "said or did *after* the [illegal conduct] had taken place and as the scheme itself was being discovered." *United States v. Netschi*, 511 F. App'x 58, 61 (2d Cir. 2013) (affirming district court's exclusion of statements the defendant "made and reactions he had concerning the unraveling of the scheme"). For that reason, "self-serving explanation[s] of past events" are not admissible under Rule 803(3). *United States v. Blake*, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) (refusing to admit a defendant's self-exculpatory statements about his past

6

conduct); *see also United States v. Annabi*, No. S1 10 Cr. 7 (CM), 2012 WL 489111, at *2 (S.D.N.Y. Feb. 14, 2012) ("*ex post facto* justifications for payments" that were made previously were inadmissible hearsay).

Nevertheless, under Rule 106 of the Federal Rules of Evidence, there are certain instances in which a defendant may require the admission of certain portions of a statement when the Government offers excerpts of a statement under the so-called "rule of completeness." However, Rule 106 "does not render admissible evidence that is otherwise inadmissible." *United States v. Terry*, 702 F.2d 299, 314 (2d Cir. 1983). Thus, the rule of completeness requires admission of a hearsay statement only when the statement is "*necessary* to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (emphasis added) (quoting *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999). "Where the danger of such distortion does not exist, . . . a defendant may not rely on the rule of completeness to put his out-of-court exculpatory statements before the jury . . . , while at the same time maintaining his own Fifth Amendment privilege so as to avoid being cross-examined about his prior statements." *United States v. Harper*, No. 05 Cr. 6068L, 2009 WL 140125, at *5 (W.D.N.Y. Jan. 20, 2009); *United States v. Jackson*, 180 F.3d at 73 (no abuse of discretion to preclude portion of tape that included defendant's "own self-serving statements"); *see also United States v. Gonzalez*, 399 F. App'x 641, 645 (2d Cir. 2010) ("[T]he rule of completeness is not a mechanism to bypass hearsay rules for any self-serving testimony.").

7

## B. Discussion

There is no legitimate basis upon which the defendant could elicit the Defense False Exculpatory Statements, which consist of self-serving hearsay statements made by the defendant to deny or explain away his involvement in the offense conduct. First, these out-of-court statements are classic hearsay. Second, they do not trigger the rule of completeness, because none of the Defense False Exculpatory Statements are necessary to understand the statements that the Government intends to elicit. *See United States v. Odiase*, 312 F. Supp. 3d 432, 436-37 (S.D.N.Y. 2018) (denying motion to admit entire post-arrest interview video where statements would not have clarified admitted portions, but rather, were "an effort to lard the trial with statements that were impermissible hearsay when offered by her"). Further, the Defense False Exculpatory Statements are not necessary to place the Government's anticipated evidence in context or to avoid a risk that the jury will be misled; rather, they are "post-hoc explanations for prior conduct." *United States v. Lange*, 834 F.3d 58, 79 (2d Cir. 2016) (holding that rule of completeness did not require admission of full grand jury testimony where omitted statements were post-hoc explanations that did not alter the meaning of the admitted testimony). As such, the defense should be precluded from eliciting the Defense False Exculpatory Statements or other statements made by the defendant in the interviews.

**CONCLUSION**

For the reasons set forth above, the Court should grant the Government's motions *in limine*.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: \_\_\_/s/_____
    Jordan Estes
    Kiersten A. Fletcher
    Margaret Graham
    Assistant United States Attorneys
    (212) 637-2543/2238/2923

Dated: January 24, 2023
       New York, New York