

**Orrick, Herrington & Sutcliffe LLP**
1133 Avenue of the Americas
Suite 3100
New York, NY 10036

+1 212 600 2400
orrick.com

March 2, 2023

**Henry Asbill**
Partner
E  hasbill@orrick.com
D  +1 202 349 8007

VIA ECF ONLY

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: United States v. Buyer, 22 Cr. 397 (RMB)

Dear Judge Berman:

  Pursuant to the Court's order of March 2 (Trial Tr. 350:8-11), we respectfully submit this letter motion requesting a mistrial in light of the government's constructive amendment to or prejudicial variance by introducing evidence of criminal conduct not charged in the indictment. In the alternative, and without limiting the relief we seek, a limiting instruction for the jury must be given to ensure no prejudice to Mr. Buyer. The government concedes that a limiting instruction is appropriate. Last, the at-issue testimony should be stricken on the additional grounds that it constitutes improper lay witness opinion testimony on an ultimate issue.

1. The Government's Elicitation of Testimony Regarding a Crime Not Charged Requires a Mistrial

  Today, the government elicited testimony from the witness Anthony Russo about whether it was proper for Mr. Buyer, while indisputably in possession of material non-public information, to *sell* Sprint securities in the summer of 2018. Trial Tr. 346:15-24. Yet those sales are clearly not part of the securities fraud charges Mr. Buyer faces in this case, which solely concern Mr. Buyer's decision to *purchase* Sprint securities on specified occasions in the spring of 2018. *See* Indictment (ECF No. 1) ¶ 41. The government's purposeful elicitation of testimony regarding possible criminal conduct not charged constitutes a constructive amendment of the indictment, requiring a mistrial. *See United States v. Banki*, 685 F.3d 99, 118 (2d Cir. 2012) (where the government introduces "trial evidence [that] … operates to broaden the possible bases for conviction from that which appeared in the indictment" a new trial is required).

  Specifically, the government, after making clear that Mr. Buyer was still under a confidentiality obligation in the summer of 2018, asked Mr. Russo "what [he] would have thought" if he heard that Mr. Buyer both bought *and sold* Sprint stock between the March and August of 2018.

The Honorable Richard M. Berman
March 2, 2023
Page 2



Trial Tr. 346:14-17. Mr. Russo then responded that, in his view, such trades would "be highly inappropriate" and "violat[e] … the insider trading rules." Trial Tr. 346:20-24. Putting aside the fact that this was highly improper lay opinion testimony (*see infra* section 3), that the questioner made no distinction between the purchases *and sales* makes all the difference. Mr. Buyer unquestionably was "read in" about the Sprint deal, prior to the public announcement on April 29, 2018 as to which both sides agree. But the merger was not approved until sometime in 2020, and because of that, asking the witness about the propriety of *sales* during that summer could only elicit one answer: that it was improper. And this was no stray comment on the part of Mr. Russo: he is a well-prepared, sophisticated witness represented by very able counsel who met with the government on multiple occasions. The government has apparently purposefully elicited testimony about a crime Mr. Buyer has not been charged with and attempted to convict Mr. Buyer on the basis of conduct that falls outside the grand jury's indictment.

The conduct that was the subject of the grand jury's indictment was transactions in which Mr. Buyer purchased Sprint securities in the Spring of 2018—not the later sales of such securities about which the government has now introduced proof. Indeed, that these purchases delimit the entire scope of the charged conduct is reflected by the proposed jury instructions submitted by both the government and Mr. Buyer prior to this trial. *See* ECF No. 58 at 7-8. Mr. Buyer could well be convicted of securities fraud on the basis of these purported sales—but he would thus have been "convicted on a charge the grand jury never made against him." *United States v. Milstein*, 401 F.3d 53, 66 (2d Cir. 2005) (quoting *Stirone v. United States*, 361 U.S. 212, 219 (1960)). The government's elicitation of this testimony therefore violates Mr. Buyer Fifth Amendment Grand Jury Clause guarantee. *Milstein*, 401 F.3d at 65.

2. <u>At Minimum, the Improper Testimony Should Be Stricken and a Curative Limiting Jury Instruction Issued.</u>

Should the Court determine that a mistrial is not warranted, the improper testimony regarding Mr. Buyer's sales of securities in the summer of 2018 should be stricken and a curative instruction should be issued to the jury forthwith. *See United States v. Comfort Gates*, 624 F. App'x 893, 897 (5th Cir. 2015) (approving of "curative measures … to protect against a constructive amendment of the indictment" such as "instructing the jury that the [defendants] were not on trial for any offense not alleged in the indictment"). The government agrees that a limiting instruction is warranted.  We propose the following:

> Yesterday, testimony was elicited by the government from the witness Anthony Russo that Mr. Buyer violated insider trading rules by selling Sprint stock in 2018. That was improper. I instruct you that Mr. Buyer has not been charged in this case with any crime that involves the *sale* of Sprint stock in 2018 or at any other time. Your task is to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime actually charged. Therefore, you may only base a conviction for Counts One and Two in the indictment on use of material



The Honorable Richard M. Berman
March 2, 2023
Page 3

non-public information in violation of a duty of trust and confidence, as I will instruct you at the end of the case, in connection with Mr. Buyer's *purchases* of Sprint and Navigant shares. You should not take into account any *sales* of securities Mr. Buyer might have engaged in that were not identified in the indictment. Accordingly, I have ordered that portion of Mr. Russo's testimony stricken from the record and you may not consider it for any purpose.

3. <u>Mr. Russo's Improper Opinion Testimony on an Ultimate Issue Should Be Stricken from the Record.</u>

We also request that the Court strike the testimony of Mr. Russo insofar as he offered an improper lay opinion on the ultimate issue in this case: whether Mr. Buyer violated insider trading laws. Trial Tr. 346:15-24. While lay opinion testimony is not inadmissible simply "because it embraces an ultimate issue to be decided by the trier of fact," it cannot "merely … tell the jury what result to reach." *United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005) (excluding lay testimony "essentially telling the jury that he had concluded that [the defendant] was guilty of the crimes charged"). Here, Mr. Russo did just that. Neither is his opinion otherwise "helpful to understanding [Mr. Russo's] testimony or to the determination of a fact in issue." *United States v. Awadallah*, 401 F. Supp. 2d 308, 314 (S.D.N.Y. 2005). As a result, setting aside the fact that this testimony must be stricken because it impermissibly varies from the indictment, it is not admissible as lay opinion testimony under Federal Rule 701 and must be stricken on that basis as well.

Thank you for your consideration.

Respectfully submitted,

/s/ *Henry W. Asbill*
Henry W. Asbill

cc:     All counsel (by ECF)