UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,
                          Government,                  22 CR. 397 (RMB)

      -against-                              **RULING**

STEPHEN BUYER,
                          Defendant.
------------------------------------------------------------X

        On March 2, 2023, during the direct examination of Anthony Russo, who is the Vice President for Federal Legislative Affairs for T-Mobile, the following colloquy took place:

> AUSA GRAHAM: If Mr. Buyer had told you that he bought Sprint stock March 29th, April 3rd, and April 5th in 2018, and sold it in August of 2018, what would you have thought?
>
> DEFENSE COUNSEL ALONSO: Objection.
>
> COURT: Overruled.
>
> MR. RUSSO: I would have thought that would be highly inappropriate. Because of the fact of our NDA [nondisclosure agreement] and our confidentiality, that would be violating, as far as I'm concerned, the insider trading rules, because you know information that others wouldn't know.
>
> DEFENSE COUNSEL ALONSO: Objection, your Honor. Move to strike.
>
> COURT: Overruled.

See Trial Transcript Mar. 2, 2023 at 346:15-347:2.

        Following oral argument, the Court invited the parties to submit written (letter) briefs regarding the colloquy which were filed last night (March 2, 2023) and today (March 3, 2023).

This morning, the Court, having reviewed the parties' submissions and the transcript, advised the parties - - as a "heads up" - - that it would be issuing a written ruling today and that the ruling would likely include the following: The Court will deny the defense motion for a mistrial; it will deny the defense motion to strike; and it will instruct the jury as follows, among other things, before the jury leaves the courtroom today: "It is the duty of the Court to instruct the jury as to the law. And it is the jury's duty to accept the Court's instructions of law and apply them to the facts of the case. The jury must take the law as it is given by the Court, and not as may have been given by either a witness or an attorney in this case. And, if any witness or attorney has stated a legal principle different from any that the Court states, it is the Court's legal instructions that the jury must follow."

The defense argues that the "government's purposeful elicitation of testimony regarding possible criminal conduct not charged constitutes a constructive amendment of the indictment, requiring a mistrial." Def. Letter dated Mar. 2, 2023, at 1. Alternatively, the defense argues that "the improper testimony regarding Mr. Buyer's sales of securities in the summer of 2018 should be stricken and a curative instruction should be issued to the jury forthwith." Id. at 2.

The government responds that the colloquy "provide[s] no basis for a mistrial, as they did not 'broaden the possible bases for conviction beyond the indictment' as would be necessary to show a constructive amendment." Govt Letter dated March 3, 2023 at 2. The government also argues that the "Indictment specifically references the defendant's profit from his August 2018 sales of Sprint. (Indictment ¶¶ 10, 23), so the connection of the sales to the charged scheme is fully set forth in the Indictment's allegations. And the relevance of these facts cannot be seriously disputed. The profit the defendant made from his Sprint stock sales is an integral part of the case, is necessary to complete the story of the charged crime, and is essential motive evidence." Id.

A mistrial is not appropriate in this case. "The decision to declare a mistrial is left to the sound discretion of the judge, but the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." Renico v. Lett, 130 S.Ct. 1855, 1863 (2010) (internal citation and quotations omitted). "A mistrial is appropriate only when a court finds there is manifest necessity for such an order . . . The standard is high, and courts will only order a mistrial if it is necessary to ensure the defendant a fair trial." Stinson v. United States, 2014 WL 6930974, *3 (S.D.N.Y. Dec. 8, 2014) (internal citations and quotations omitted). The Court finds that there is no basis for a mistrial. Among other reasons, the colloquy does not constitute a constructive amendment to the Indictment. It is consistent with the information contained in the Indictment.

The Indictment charges, among other things, that Defendant Stephen Buyer committed securities fraud by purchasing shares of Sprint stock on March 29, 2028, April 3, 2018, and April 5, 2018 based on material nonpublic information in violation of the duty of trust and confidence he owed to T-Mobile. The Indictment also alleges that "[i]n or about August, 2018, Stephen Buyer, the defendant sold shares in Sprint in all four accounts for a total gain of over $126,000." Indictment ¶ 23.

The Court finds, as noted, that the colloquy is compatible with the Indictment and, for that matter, with the Government's opening statement on March 1, 2023. See, e.g., Trial Transcript Mar. 1, 2023, at 23:10-15 (AUSA GRAHAM: "Three times [referencing the three dates of purchases of Sprint stock in March and April 2028] the defendant cheated and used this confidential information to buy Sprint stock before the merger was public. He did it in multiple accounts: In his own account and the accounts of family and friends. A few months later, the defendant sold that Sprint stock and made over $120,000.")

The colloquy between the AUSA and Mr. Russo (who was knowledgeable about T-Mobile's confidentiality obligations generally and the T-Mobile/Sprint merger in 2018 in particular) was properly admitted. The Court finds there is no basis for a mistrial and that there is no (legal) requirement for a curative instruction. That said, and as discussed with counsel orally on March 3, 2023, the Court will instruct the jury as follows: "It is the duty of the Court to instruct the jury as to the law. And it is the jury's duty to accept the Court's instructions of law and apply them to the facts of the case. The jury must take the law as it is given by the Court, and not as may have been suggested by either a witness or an attorney in this case. And, if any witness or attorney has stated a legal principle different from any that the Court states, it is the Court's legal instructions that the jury must follow."[1]

The Court's final substantive instructions to the jury will track Counts One through Four in the Indictment.

Dated: New York, New York
       March 3, 2023

                                                          *RMB* (signature)
                                                   _____
                                                   Hon. Richard M. Berman, U.S.D.J.

---

[1] The jury was also instructed during the voir dire process on February 28, 2023 as follows: "Under the law and the procedures that we follow, the facts of this case are for the jury to determine and the law is for the Court to determine. And these are two areas that are separate and distinct. At the end of the case, as I mentioned earlier, I will instruct the jury on the law with what are called jury charges or jury instructions; and the jurors are required to accept the law and apply it as it is explained by me. It will be your job, if you are a juror, to determine the facts and to assess those facts under the law as I explain the law to you." (Trial Transcript Feb. 28, 2023 at 39:23-25, 40:1-7.)

4