

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 3, 2023

**BY ECF AND EMAIL**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Stephen Buyer*, 22 Cr. 397 (RMB)

Dear Judge Berman:

    The Government respectfully submits this letter in response to the defense motion for *in camera* inspection of grand jury minutes for potential *Brady* material. (Dkt. 151). Because the defendant has not met the very high bar to warrant the inspection of grand jury minutes, the defendant's motion should be denied.

    Grand jury proceedings carry a presumption of regularity, and are secret and closed. *See In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996); *see also* Fed. R. Crim. P. 6(e). The strong presumption of grand jury secrecy and regularity can only be overcome by a defendant's strong showing of "particularized need that outweighs the need for secrecy." *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978) (internal citations and quotations omitted). "[R]eview of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990); *see also United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994).

    The defendant falls far short of overcoming the presumption of secrecy. As is clear from the defendant's letter, the defendant offers nothing but speculation about what might be contained in the sealed grand jury testimony. Moreover, as the defense letter makes clear, the Government has already produced excerpts of SA Racz's grand jury testimony in advance of trial, including portions that purport to recount statements by Tony Russo. In addition, and as the Government's response to the defendant's May 19 and July 24 letters reiterated, the Government produced all witness statements of Tony Russo and Christopher Stansbury well in advance of trial, meaning the defense has for many months had precisely the type of witness statements he now seeks. In light of this disclosure, including for witnesses the Government did not even call at trial, there has been no showing of "particularized need that outweighs the need for secrecy." *Moten*, 582 F.2d at 662.

Honorable Richard M. Berman
United States District Judge
August 3, 2023
Page 2

      Accordingly, the defendant's motion should be denied.

                                                    Respectfully submitted,

                                                    DAMIAN WILLIAMS
                                                   United States Attorney

                          By:    /s/_____
                                  Kiersten A. Fletcher
                                  Margaret Graham
                                  Assistant United States Attorneys
                                  (212) 637-2238/2923

cc:     Counsel for Stephen Buyer (by ECF and email)